## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## CENTRAL DIVISION

JIMMY W. COX
ADC #510505                                                                                         PLAINTIFF

v.                                           4:25-cv-00089-JM-JJV

JAMES BECK,
Dr. Arkansas Department of Corrections, *et al.*                                    DEFENDANTS

### RECOMMENDED DISPOSITION

The following Recommended Disposition ("Recommendation") has been sent to United States District Judge James M. Moody Jr. Any party may serve and file written objections to this Recommendation. Objections should be specific and include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. Your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of this Recommendation. Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

**I.   SCREENING**

Jimmy W. Cox ("Plaintiff") is a prisoner in the Arkansas Department of Correction ("ADC") who has filed a *pro se* Complaint seeking relief pursuant to 42 U.S.C. § 1983. (Doc. 2.) The Prison Litigation Reform Act requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A. The court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. *Id.* When conducting this review, the court construes *pro se* pleadings liberally. *Solomon v. Petray,* 795 F.3d 777, 787 (8th Cir. 2015). But

1

"labels and conclusions," "formulaic recitation[s] of the elements of a cause of action," and "naked assertions devoid of further factual enhancement" are insufficient to plead a plausible claim. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Instead, the complaint must provide "sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." *Id.*

## II.   DISCUSSION

Plaintiff says on October 4, 2022, James Beck, M.D., the Tucker Unit doctor, referred him for ear surgery by ENT doctor Saadi at the University of Arkansas for Medical Sciences [UAMS]. (Doc. No. 2 at 4.) Plaintiff says he was told the surgery would help, "but it made [him] lose [his] hearing." (*Id.*) Mr. Cox says he was supposed to return to see the ENT doctor, but Dr. Beck failed to order the referral causing Plaintiff months of pain and mental anguish. (*Id.*) Plaintiff says, "I want Dr. James Beck and Dr. Saadi to [be] held responsible for the neglect of medical care." (*Id.* at 5.) After careful consideration, I conclude Plaintiff has failed to plead a plausible claim for relief for the following reasons.

The Eighth Amendment requires state prison officials to provide inmates with needed medical care." *Cullor v. Baldwin*, 830 F.3d 830, 836 (8th Cir. 2016). To plead a plausible inadequate medical care claim, a complaint must contain facts suggesting: (1) a prisoner had an objectively serious need for medical care; and (2) each of the defendants subjectively knew of, but deliberately disregarded, that serious medical need. *Shipp v. Murphy*, 9 F.4th 694, 703 (8th Cir. 2021); *Barr v. Pearson*, 909 F.3d 919, 921 (8th Cir. 2018). As explained by the Eighth Circuit, deliberate indifference is a high threshold that goes well beyond negligence or even gross negligence. *Hall v. Higgins*, 77 F.4th 1171, 1179 (8th Cir. 2023); *Langford v. Norris,* 614 F.3d 445, 460 (8th Cir. 2010). To establish deliberate indifference, there must be evidence the defendants "recognized that a substantial risk of harm existed <u>and</u> knew that their conduct was

inappropriate in light of that risk." *Shipp,* 9 F.4th at 703 (emphasis in the original); *Smith v. Lisenbe,* 73 F.4th 596, 660 (8th Cir. 2023). This level of mental culpability is "akin to criminal recklessness." *Presson v. Reed*, 65 F.4th 357, 367 (8th Cir. 2023).

It is understandable Plaintiff is upset his surgery was unsuccessful. However, nothing in the Complaint suggests any of these defendants were deliberately indifferent to Plaintiff's serious medical needs. Instead, the facts as pled by Plaintiff suggest negligence, or at most, gross negligence which are insufficient to state a plausible § 1983 claim. *See Allard v. Baldwin*, 779 F.3d 768, 772 (8th Cir. 2015) ("Negligent misdiagnosis does not create a cognizable claim under § 1983"). Accordingly, I conclude Plaintiff has failed to plead a plausible claim for relief.

### III. CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1. The Complaint (Doc. 2) be DISMISSED without prejudice for failing to state a claim upon which relief may be granted.

2. The Court recommend that, in the future, dismissal of this action count as a strike under 28 U.S.C. § 1915(g).

3. The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from an Order adopting this Recommendation and the accompanying Judgment would not be taken in good faith.

Dated this 6th day of February 2025.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE